Allen, J.,
 

 dissenting. I dissent from the judgment in this case upon the ground that it was entirely a question of fact whether Sebesta was guilty of contributory negligence. There is evidence in
 
 *35
 
 the record to the effect that the Ford coupe was driving behind the street car when it stopped at East 115th street and failed to permit Sebesta to alight. Redmond himself says he drove up back of the street car, and says that he was “right directly behind the trailer.” Therefore the situation presented here is not one in which Sebesta must necessarily have seen the coupe if he had looked to the west just before alighting. He did look to the west as he was going out, but, as he says, did not stick his head out of the door to look. As the street car was moving east, Sebesta was compelled, in the exercise of ordinary care, to face forward as he alighted from the car, toward the east and not toward the west, from which direction the automobile came. If he had, as he expressed it, ‘ ‘ stuck his head out of the door and looked” to the west before he turned around to get out of the car, he probably would not have seen the coupe, for the evidence in the record, which was found by the jury to be true, was that the coupe was traveling behind the street car. In other words, this is not a situation in which Redmond had been at all times to the right of the street car, and therefore must have been seen by Sebesta if Sebesta had looked. When the car started up under its regular speed at East 115th street, that was an invitation on the part of the street car for the Ford coupe to dash around the end of the trailer and go ahead of the street car. The situation was hence created by the act of the railway company. Under all of the particular circumstances, reasonable minds might differ as to whether the failure of Sebesta to look to the west at the precise moment he was alighting would or would not have obviated the
 
 *36
 
 accident. We cannot therefore say that Sebesta was guilty of negligence as a matter of law. We have here presented as to Sebesta’s negligence a single question of fact, and the judgment of the Court of Appeals should have been affirmed.
 

 Robinson and Matthias, JJ., concur.